**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN H. BOYD, III, | No. 13-56975 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00436-DSF-MRW |
| v. | |
| WARREN PUMPS, LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| JOHN H. BOYD, III, | No. 13-57018 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00436-DSF-MRW |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION, sued individually and as successor-in-interest to Buffalo Pumps, Inc., | |
| Defendant - Appellee. | |

Appeals from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

 *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 5, 2016[**]
Resubmitted June 14, 2016
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and EZRA,[***] District Judge.

John H. Boyd, III, as the representative of plaintiff and appellant Captain John H. Boyd, Jr. (deceased),[1] appeals the district court's summary judgment in favor of Warren Pumps, LLC, and Air and Liquid Systems Corporation (successor in interest to Buffalo Pumps, Inc.) in this diversity products liability action alleging that exposure to asbestos from Appellees' products during Captain Boyd's service onboard the United States Navy's *USS Gainard* and *USS McCain* in the 1950s caused Captain Boyd to develop mesothelioma. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016), we affirm in part, reverse in part, and remand.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, Senior United States District Judge for the District of Hawaii, sitting by designation.

[1] Captain Boyd's spouse, Mary Boyd, was also a plaintiff below. Because no representative came forward to substitute in for Mrs. Boyd, her claims were dismissed with prejudice.

Although voluntary dismissals without prejudice below generally do not create appealable, final judgments, this appeal comes within an exception to the so-called "single appeal rule," which arises when, as here, a plaintiff voluntarily dismisses without prejudice his remaining claims following entry of an adverse partial judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747–48 (9th Cir. 2008). There is no evidence on the record before us of an attempt to manipulate this court's jurisdiction "by artificially 'manufacturing' finality." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066 (9th Cir. 2002).

We affirm the district court's grant of summary judgment for Appellees on the ground that Captain Boyd failed to present evidence sufficient to link Buffalo Pumps or Warren Pumps to asbestos-containing replacement parts to which Captain Boyd was exposed during his service onboard the *USS Gainard*. Buffalo Pumps and Warren Pumps may be held liable only for Captain Boyd's exposure to asbestos-containing products that were either manufactured or supplied by them. *O'Neil v. Crane Co.*, 266 P.3d 987, 1005 (Cal. 2012); *see also Lindstrom v. A-C Prod. Liab. Tr.*, 424 F.3d 488, 492 (6th Cir. 2005). Although the record on summary judgment could support the conclusion that Buffalo and Warren may have sold asbestos-containing replacement parts to some customers at some points in time, it does not support a justifiable inference that either Buffalo Pumps or

3

Warren Pumps provided the replacement parts to which Mr. Boyd was exposed during his service on the *USS Gainard*. *See United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc).

We reverse and remand, however, the grant of summary judgment for Appellees on Captain Boyd's claim of exposure onboard the *USS McCain* to asbestos from spare packing and gaskets ("spare parts") provided with original pumps supplied to the Navy by Buffalo Pumps and Warren Pumps. The circumstantial evidence raised more than a mere possibility that he was exposed to asbestos-containing spare parts supplied by Buffalo and Warren Pumps—either during the initial servicing of the Buffalo and Warren pumps onboard the *McCain* or when those spare parts were removed and replaced during the second servicing of those same pumps.

Captain Boyd's deposition testimony, if believed by a jury, places Buffalo and Warren pumps onboard the *McCain*, reflects that the usual maintenance schedule for such pumps would have resulted in their repacking while Captain Boyd was aboard, and provides evidence from which a jury could reasonably infer that it was more likely than not that Captain Boyd was present when at least some of those pumps were serviced for the first or the second time, which would have involved "disturbing" the spare parts that had been supplied with the original

4

pump. Additionally, as the district court noted, "there is some evidence that the pumps and valves at issue were shipped from the manufacturer to the Navy with asbestos packing or gaskets." The record contains evidence that, upon manufacture, an original Buffalo pump "typically would be supplied to a customer with the appropriate packing and gaskets, which often contained asbestos," and that at least some Warren pumps were supplied to customers with spare asbestos packing. Captain Boyd's showing on this point is bolstered by the declarations of retired Naval engineering officer Francis J. Burger, which state that, as Navy equipment vendors, equipment manufacturers like Buffalo and Warren Pumps more likely than not supplied with a new pump at the time it was sold to the United

5

States Navy spare asbestos-containing packing and gaskets that were designed for use with that original pump.[2]

Accordingly, viewing Captain Boyd's evidence in the light most favorable to him and drawing justifiable inferences from that evidence, a jury could reasonably conclude that Captain Boyd was exposed onboard the *McCain* to asbestos-containing spare packing and gaskets supplied by Buffalo and Warren Pumps. *See United Steelworkers*, 865 F.2d at 1542.

**AFFIRMED in part; REVERSED in part, and REMANDED.**

**Costs on appeal awarded to Plaintiff-Appellant.**

---

[2] To the extent that the district court's ruling reflects that it discounted these specific statements by Burger on the ground that Burger failed to provide a foundation, the district court erred. *See Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). The Burger declarations detail the extensive personal and professional experience, knowledge, research and training on which Captain Burger's statements are based. As a result, Captain Burger laid an adequate foundation for his assertion that original equipment manufacturers like Buffalo and Warren Pumps more likely than not supplied asbestos-containing spare parts with a new pump at the time it was sold to the Navy. The weight to be accorded Burger's statements is a jury question. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *cf. also Christensen v. Ga.-Pac. Corp.*, 279 F.3d 807, 812–13 (9th Cir. 2002) (concluding that evidence of industry custom and practices was sufficient to establish the applicable standard of care and whether that standard had been met).